Filed 1/27/15  P. v. Khrone CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C075881 |
| Plaintiff and Respondent, | (Super. Ct. No. CH020984) |
| v. | |
| THEODORE DWAYNE KHRONE, | |
| Defendant and Appellant. | |

Defendant Theodore Dwayne Khrone appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.126.[1]  He contends the trial court abused its discretion when it found that he posed an unreasonable risk of danger to public safety if resentenced.  Disagreeing, we affirm.

---

[1] Further undesignated statutory references are to the Penal Code.

1

# FACTUAL AND PROCEDURAL BACKGROUND

Defendant is currently serving a sentence of 25 years to life in prison for a 2005 conviction for two counts of battery by a prisoner on a nonconfined person. (§ 4501.5.) The 2005 sentence runs consecutive to a 2001 sentence of 35 years to life for burglary with two strikes. Defendant's criminal record encompasses 30 years and includes five separate state prison terms for felony convictions and two parole violations.

*Defendant's Current Offense*

The facts of the 2005 conviction are follows: On November 22, 2003, Officers Nelson and Hooven were escorting defendant from a lower tier shower to the lockdown shower program. After the shower door opened, defendant pulled his right hand from the handcuffs and tried to strike Nelson in the face, but Nelson blocked the punch with his left arm. Nelson then seized defendant by the head and upper body while Hooven grabbed defendant's left arm. Defendant grabbed Nelson's baton and tried to hit Hooven with it, missing once before hitting his right thigh.

After his conviction by jury, defendant told the probation officer that he was not properly represented by his attorney and he should have represented himself, adding that, because he was attacked by the correctional officers and did not try to hit anyone, he was falsely accused.

*Defendant's Section 1170.126 Hearing*

At defendant's hearing on his section 1170.126 petition, associate warden Harold Wagner testified to defendant's disciplinary record during his recent incarceration. Defendant had rules violation reports for: delaying a peace officer in 2013; fighting in 2012; threatening staff in 2011; possession of altered personal property in 2010; refusing a cellmate in 2009; battery on a peace officer and refusing a direct order in 2008; two violations for obstructing a peace officer in 2005; battery on a peace officer resulting in the current conviction, destruction of state property, possession of inmate manufactured alcohol, two violations for each refusing a direct order and refusing to obey orders, and

2

for over familiarity, all in 2003; refusal to obey orders in 2002; and willfully delaying an officer and refusal to obey orders in 2001.

Defendant was in a level four classification, reserved for the most dangerous inmates. Defendant's classification score was 141; 60 was the minimum score for level four classification. Inmates serving indeterminate life terms are not necessarily classified level four.

Defendant's file also contained documents reflecting positively on his behavior while incarcerated, reflecting his participation in continuing education, anger management courses and therapy, leadership at Narcotics Anonymous, religious groups, work, and trade courses.

The prosecutor argued that defendant's high security level indicated unreasonable risk, and signaled that defendant continued to commit crimes while in prison, including the current offense of battery on the guards and other rule violations not resulting in convictions, including fighting, inciting, and obstructing. Defense counsel argued that the "unreasonable risk" classification was unconstitutionally vague. The evidence did not contain a "threat assessment" or "psychological testimony," so there was no way of knowing whether defendant was a threat. He added that threat should be measured relatively as to other inmates and that defendant's rule violations (listed *ante*) were minimal.

After hearing the evidence and argument on the petition, and asking follow-up questions during argument, the trial court ruled:

"Troublesome case and I would make the following findings:

"If I were to look solely at the custody record of the defendant, it might be difficult to define that it's an unreasonable risk, but the issue that has not been seriously in my view argued, which is the most compelling to this court, is the criminal conviction which occurred while the defendant was in custody which is the subject matter of this hearing. It certainly cannot be underestimated that the conviction occurring for a charge

3

of battery on a peace officer is an extremely serious offense while committed by an inmate. And to me, that is a highly probative item for the Court to base [its] ruling upon. Because that crime has been charged and proved beyond any reasonable doubt, it is not subject to any kind of interpretation. It's a very serious offense, in my judgment, to attack a guard if you're an inmate. I can't think of anything that's more serious, really, and based upon that, I'm going to find that the granting of the motion to re-sentence would constitute an unreasonable risk to the public, safety of the public and therefore, the motion to re-sentence is hereby denied."

## DISCUSSION

A defendant serving a three strikes sentence for a crime that is neither a serious or violent felony may petition for recall of sentence in the court where he or she was originally sentenced. (§ 1170.126, subd. (b).) If factors related to the crime or defendant's criminal history do not render defendant ineligible for resentencing (see § 1170.126, subd. (e)), then "the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Defendant contends the trial court abused its discretion when it found that he posed an unreasonable risk of danger to public safety if released, because it relied "solely" on the current offense in finding unreasonable risk.

"In exercising its discretion in subdivision (f), the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

4

Defendant notes that the trial court had much information available to it, as we have described at length *ante*, the consideration of which is contemplated by section 1170.126, subdivision (f), and yet it focused on the nature of the 2005 case. He adds that the court declined to review the probation report prepared in the 2005 case, and argues that it contained evidence of defendant's denial that he hit the guards as well as proof that the guards were not injured.

First, we note that the trial court heard evidence of all the factors described by defendant as well as argument discussing certain points made by counsel. The record shows full consideration of the evidence presented, even though the trial court may have emphasized the 2005 offense in explaining the reasons for its finding of unreasonable risk.

Second, even assuming the record reflects the 2005 case took center stage in the trial court's finding--and resulted in diminished consideration of other appropriate factors--we find no abuse of discretion. Under the plain language section 1170.126, the trial court *may* consider certain factors, but it is not *mandated* to consider *any* of them. It may consider *any* evidence it "determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g)(3).) On this record, where the relevant statutory considerations were presented as evidence at a hearing and then argued to the trial court, that court was well within its discretion to find the facts surrounding defendant's current offense were the "most compelling" factors to its determination of unreasonable risk.

**DISPOSITION**

The trial court's order denying the petition for resentencing is affirmed.


       DUARTE       , J.


We concur:


      RAYE       , P. J.


      ROBIE       , J.

6